# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00606-CV

**Jermaine A. Hopkins, Appellant**

**v.**

**Marc Ott, in his Official and Personal Capacities; Hubert "Art" Acevedo,
in his Official and Personal Capacities; Anne Morgan; Jannette Goodall;
98th District Court; Cathy Curtis; Stephen Elkins; Mark Washington; Joya Hayes;
Austin Police Department; City of Austin Law Department; Office of the City Clerk;
City of Austin Human Resources Department; City of Austin Communications and
Technology Management; and the City of Austin, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. D-1-GN-15-001711, HONORABLE TIM SULAK, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Jermaine A. Hopkins filed a motion challenging the trial court's ruling sustaining a court reporter's contest to his indigency. *See* Tex. R. App. P. 20.1(j). He argues that the district court did not hold a timely hearing and did not sign a timely order on the contest and as a result, he should be allowed to proceed without payment of costs.[1]

Rule 20.1(i) of the Texas Rules of Appellate Procedure requires a trial court to conduct a hearing on an indigency contest (or sign an order extending the time for the hearing for

---

[1] The district court stated that the cost for the record of the September 22, 2015 hearing that Hopkins requested is approximately $260.

up to 20 days) and to sign any order sustaining the contest within 10 days after the contest is filed, otherwise the allegations in the affidavit of indigence will be deemed true:

> (2) Time for Hearing. The trial court must either conduct a hearing or sign an order extending the time to conduct a hearing:
>
>> (A) within 10 days after the contest was filed, if initially filed in the trial court; or
>>
>> (B) within 10 days after the trial court received a contest referred from the appellate court.
>
> (3) Extension of Time for Hearing. The time for conducting a hearing on the contest must not be extended for more than 20 days from the date the order is signed.
>
> (4) Time for Written Decision; Effect. Unless—within the period set for the hearing—the trial court signs an order sustaining the contest, the affidavit's allegations will be deemed true or the presumption of indigence will continue unabated, and the party will be allowed to proceed without advance payment of costs.

Tex. R. App. P. 20.1(i)(2)-(4). Here, the court reporter's contest was filed on October 7, 2015. The hearing on the contest—held Monday, October 19, 2015—was timely because the 10th day after the filing of the October 7th contest was Saturday, October 17th. *See* Tex. R. App. P. 4.1(a) (excluding Saturdays, Sundays, and legal holidays from computation of time prescribed by rules), 20.1(i)(2).

However, the district court did not sign an order sustaining the contest within the period set for the hearing, i.e., by October 19th. The reporter's record reflects the court's ruling, but Rule 20.1(i)(4) requires a signed order to sustain the contest. Tex. R. App. P. 20.1(i)(4); *see Muthukumar v. Santa Rosa Apartments*, No. 05-11-00151-CV, 2011 Tex. App. LEXIS 5599, at *8-9 (Tex. App.—Dallas July 22, 2011, pet. denied) (concluding that although trial court held hearing and

2

orally sustained contest within 10-day period, "a written order was necessary," and order sustaining contest signed after 10-day period was untimely).

In the absence of a timely signed order sustaining the contest under Rule 20.1(i)(4), we must grant Hopkins's motion.

It is ordered on October 28, 2015.

Before Chief Justice Rose, Justices Pemberton and Field